[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15700
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00199-ODE-GGB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICE HAIRSTON,
a.k.a. Claudette Harris,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 30, 2015)

Before TJOFLAT, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Patrice Hairston was a realtor who, along with three others, was involved in a mortgage-fraud scheme. In broad terms, Hairston and her coconspirators induced various lenders to fund fraudulent mortgages by supplying them with false loan applications and supporting documentation in the names of straw borrowers. After their arrest, Hairston's three codefendants pled guilty and agreed to cooperate with the government. Hairston proceeded to trial before a jury and was found guilty of one count of conspiracy to defraud, 18 U.S.C. § 1349, two counts of mail fraud, 18 U.S.C. § 1341, and four counts of wire fraud, 18 U.S.C. § 1343. The district court sentenced Hairston to a total term of 64 months' imprisonment, describing her as the "ringleader" of the mortgage-fraud scheme.

Hairston challenges her convictions and total sentence on appeal. She argues that her convictions should be vacated because the district court abused its discretion by excluding a government witness's two 32-year-old convictions from cross-examination. She also charges that her total sentence is unreasonable because it is substantially higher than her codefendants' sentences and is allegedly greater than necessary to serve the purposes of sentencing. After careful review, we affirm Hairston's convictions and total sentence.

**I.**

Hairston first contends that the district court abused its discretion in excluding cooperating codefendant Bonnie Rose's two 32-year-old convictions for

2

shoplifting and misuse of a credit card from Hairston's cross-examination of Rose. Rose was involved in the mortgage-fraud scheme with Hairston, and she testified on behalf of the government at Hairston's trial. Hairston argues that the prior convictions of this "key witness" were admissible under Rule 404(b) of the Federal Rules of Evidence because "Hairston needed to show the jury Rose's long-standing, independent motive and intention to commit fraud." Appellant's Br. at 29 (ellipsis and internal quotation marks omitted). By excluding the evidence, Hairston asserts, the court deprived the jury of the ability to weigh Rose's testimony against impeaching evidence.

Where a defendant properly objects at trial, we review a district court's evidentiary rulings for an abuse of discretion. *United States v. Kapordelis*, 569 F.3d 1291, 1312-13 (11th Cir. 2009). Under Rule 404(b), evidence of other crimes, wrongs, or acts is not admissible to prove a person's character in order to show action in conformity therewith. Fed. R. Evid. 404(b)(1). Such evidence is admissible, however, for other purposes, such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Nonetheless, relevant evidence is subject to exclusion under Rule 403 if its probative value is substantially outweighed by a danger of, among other things, unfair prejudice, confusion of the issues, or

3

needless presentation of cumulative evidence.  Fed. R. Evid. 403; *see United States v. Sellers*, 906 F.2d 597, 604-05 (11th Cir. 1990).

The standard for admission is relaxed when evidence of prior bad acts is offered by a defendant and involves behavior of a witness other than a defendant.[1] *United States v. Cohen*, 888 F.2d 770, 776 (11th Cir. 1989).  However, "the party advancing the evidence must demonstrate that it is not offered to prove the character of a person in order to show action in conformity therewith."  *Id.* (internal quotation marks omitted).  If the evidence "is shown to have a special relevance to a disputed issue, the court must balance the probative value against the possibility of unfair prejudice."  *Id.*  When there is no other practical means of demonstrating a point, the defense's need weighs strongly in favor of admitting the proffered evidence.  *See id.*

Here, the district court did not abuse its discretion in excluding codefendant Rose's 32-year-old convictions for misuse of a credit card and shoplifting.  Hairston has not offered any valid non-propensity purpose for admission of the evidence of Rose's prior convictions under that rule.  *See id.*  She contends that the district court should have admitted evidence of Rose's prior convictions under

---

[1] In *United States v. Morano*, 697 F.2d 923, 926 (11th Cir. 1983), we stated that Rule 404(b) did not govern a situation involving admission of "an extraneous offense committed by someone other than the defendant."  Nonetheless, we found that that the exceptions under Rule 404(b) "should be considered in weighing the relevancy of this evidence and its prejudice under Rule 403."  *Id.*  Thus, the functional analysis is largely the same.  *See Sellers*, 906 F.2d at 604 n.11 (casting doubt on *Morano*'s reasoning but finding that it did not affect the court's analysis).

Rule 404(b) because it was consistent with her theory of defense—that Rose and the other codefendants had manufactured their testimony as it related to Hairston. In other words, Hairston argues that the prior convictions are relevant to Rose's motive to testify falsely against Hairston. But we have explained that "the word 'motive' as used in [Rule 404(b)] does not refer to a motive to testify falsely." *United States v. Farmer*, 923 F.2d 1557, 1567 (11th Cir. 1991); *see United States v. Taylor*, 417 F.3d 1176, 1180 (11th Cir. 2005). Instead, a witness's motive to testify falsely is an aspect of credibility controlled primarily by Rules 608 and 609 of the Federal Rules of Evidence. *See Farmer*, 923 F.2d at 1567 (citing *United States v. Sampol*, 636 F.2d 621, 659 n.24 (D.C. Cir. 1980)).

In addition, Rose's 32-year-old convictions for shoplifting and misuse of a credit card would not have tended to show that Hairston did not commit the crimes with which she was charged. *See, e.g.*, *Cohen*, 888 F.2d at 776-77 (holding that the district court should have admitted prior bad acts evidence under Rule 404(b) because it tended to show that the government witness could have executed the fraudulent scheme without the defendants' participation). For that reason, Hairston's reliance on *United States v. Stephens*, 365 F.3d 967 (11th Cir. 2004), is misplaced. *Stephens* involved evidence of prior bad acts that tended to show that the government witness was receiving drugs, which the witness attributed to the defendant, from sources other than the defendant during the relevant time period.

*Id.* at 972-73, 975. This evidence, we stated, should have been admitted because it was "directly material" to the defendant's defense that the witness was setting up the defendant to get out of a lengthy jail sentence. *See id.* at 975-76. Here, in contrast to *Cohen* and *Stephens*, Hairston makes no specific claim that the remote, dissimilar convictions at issue, aside from their general effect on the jury's assessment of Rose's credibility, were relevant to the issue of her guilt.

To the extent that Hairston argues that Rose's prior convictions bear on her character for truthfulness as a witness, Hairston is not entitled to relief. Rule 609 of the Federal Rules of Evidence governs the use of evidence of a criminal conviction to attack a witness's credibility. *See* Fed. R. Evid. 609(a). Under that rule, there is a presumption against using stale convictions to attack a witness's character for truthfulness. *United States v. Cathey*, 591 F.2d 268, 275 (5th Cir. 1979)[2]; *see* Fed. R. Evid. 609(b)(1) (providing that, if a conviction is more than ten years old, evidence of the conviction may be admitted only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect"). The proponent must show "exceptional circumstances justifying the use of an over-age prior conviction." *Cathey*, 591 F.2d at 276.

Initially, we note that Hairston has abandoned any challenge under Rule 609 by failing to raise the issue in her appellate brief. *See Sapuppo v. Allstate*

---

[2] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

6

*Floridian Ins. Co.*, 739 F.3d 678, 680-81 (11th Cir. 2014) (arguments not raised on appeal are deemed abandoned). In any case, Hairston has not shown any exceptional circumstances justifying admission of the over-age convictions. Assuming that the convictions are even relevant to Rose's truthfulness, the probative value of convictions more than three decades old was negligible, and Hairston was able to argue that Rose was manufacturing her testimony without them, given Rose's testimony that she had lied in the past, engaged in the fraud at issue, and stood to benefit from her testimony.

In sum, the district court did not abuse its discretion in excluding evidence of government witness Rose's prior convictions.

## II.

Hairston also contends that her sentence is unreasonable because it is substantially higher than the sentences her codefendants received, despite her contention that her codefendants engaged in basically the same criminal conduct and had similar criminal histories.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States,* 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). We first ensure that the district court committed no significant procedural error. *Id.* at 51, 128 S. Ct. at 597. We then examine whether the sentence was substantively reasonable in light of the totality of the circumstances. *Id.* The party

challenging the sentence bears the burden of showing that it is unreasonable in light of the record and the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Tome,* 611 F.3d 1371, 1378 (11th Cir. 2010).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay,* 483 F.3d 739, 743 (11th Cir. 2007). We will vacate a sentence only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (internal quotation marks omitted).

The district court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public. *See* 18 U.S.C. § 3553(a)(2). In imposing sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, and the need to avoid unwarranted sentencing disparities, among other factors. *See id.* § 3553(a)(1), (3)-(7).

8

Hairston argues that her sentence is substantively unreasonable when contrasted with the less severe sentences her codefendants received.[3]  All of Hairston's codefendants entered into plea agreements with the government and agreed to cooperate.  They testified at Hairston's trial, and, at sentencing, received the benefit of a government motion for a downward departure for substantial assistance under U.S.S.G. § 5K1.1.  Hairston's codefendants received sentences ranging from two years' probation to just over twelve months' imprisonment. Hairston was sentenced to 64 months' imprisonment.

Although the district court must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), "[w]e have held that defendants who cooperate with the government and enter a written plea agreement are not similarly situated to a defendant who provides no assistance to the government and proceeds to trial," *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009).  Even when the sentences of the cooperating defendants are "substantially shorter," there is no unwarranted disparity where the complaining party did not provide any assistance to the government.  *Id.* (internal quotation marks omitted).

---

[3] Although Hairston asserts several times in her appellate brief that her sentence was both procedurally and substantively unreasonable, she makes no argument respecting the procedural reasonableness of her sentence.  We therefore address only substantive reasonableness.

9

Consequently, there is no "unwarranted" disparity between Hairston's and her codefendants' sentences.

Hairston's sentence otherwise was substantively reasonable. In sentencing Hairston, the district court focused primarily on the offense conduct, 18 U.S.C. § 3553(a)(1), finding that Hairston was the "ringleader" of the group because she prepared the fraudulent loan documents, encouraged others to commit the same type of fraud, and was heavily involved in all aspects of the fraud. The court also highlighted the calculated and repetitive nature of the fraudulent scheme. Further, the court stated, the sentence would deter others in the financial community and adequately punish Hairston, 18 U.S.C. § 3553(a)(2)(A)–(B). Hairston's total sentence fell within the guideline range of 57 to 71 months' imprisonment, and we normally expect a sentence falling within the guideline range to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). Based on the totality of the circumstances, we cannot say that the district court committed a clear error of judgment by imposing an unreasonable sentence.

## III.

Hairston's convictions and sentences are **AFFIRMED.**